```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :
UNITED STATES OF AMERICA                        :
                                                :
         - v. -                                 :    [Proposed] Protective Order
                                                :
PEDRO GUZMAN MARTINEZ,                          :    S9 19 Cr. 536 (PKC)
     a/k/a "Peter," et al.,                     :
                                                :
                         Defendants.            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material."

2. **Confidential Material.** Certain of the Government's disclosure material, referred to herein as "Confidential Material," contains material that affects the privacy, confidentiality, and business interests of individuals or entities (*e.g.*, financial information, personal identifying information, telephone numbers, bank account numbers). Any Confidential Material produced by the Government in this action shall be Bates-stamped with the designation "Confidential" or otherwise identified by the Government to counsel for the defendants as Confidential Material. The Government's designation of material as Confidential Material will be controlling absent contrary order of the Court.

3. **Highly Confidential Material.** Certain of the Government's disclosure material, referred to herein as "Highly Confidential Material," contains material that affects the privacy, confidentiality, and business interests of individuals or entities and its disclosure would cause substantial harm to those individuals or entities. Any Highly Confidential Material produced by the Government in this action shall be Bates-stamped with the designation "Highly Confidential" or otherwise identified by the Government to counsel for the defendants as Highly Confidential Material. The Government's designation of material as Highly Confidential Material will be controlling absent contrary order of the Court.

4. **Attorneys' Eyes Only Material.** Certain of the Government's disclosure material, referred to herein as "Attorneys' Eyes Only Material," contains material that affects the privacy, confidentiality, safety interests of individuals or entities, or contains sources, methods, identities, identifiers or locations concerning the Government's ongoing investigation, and its disclosure would cause substantial harm and/or pose safety concerns to individuals or entities. Any Attorneys' Eyes Only Material produced by the Government in this action shall be Bates-stamped with the designation "Attorneys' Eyes Only" or otherwise identified by the Government to counsel for the defendant as Attorneys' Eyes Only Material. The Government's designation of material as Attorneys' Eyes Only will be controlling absent contrary order of the Court.

5. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation or the need for redaction. It will also afford the defense prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

6. **Good Cause.** There is good cause for entry of the protective order set forth herein.

7. **Restrictions on Confidential Material.** Confidential Material disclosed to the defendants or to their counsel during the course of proceedings in this action:

    a. Shall be used by a defendant and his counsel only for purposes of the defense of this action;

    b. Shall not be duplicated by a defendant and his counsel except for purposes of the defense of this action;

    c. Shall be kept and maintained by a defendant and his counsel in a secure container and location;

    d. Shall not be disclosed in any form by a defendant or his counsel, including by posting to any Internet site or network site to which persons other than the parties hereto have access or by disclosing to the media or any third party, except as set forth in paragraph 5(e) below; and

    e. May be disclosed by a defendant or his counsel only to the following persons (hereinafter "Designated Persons"), as needed for purposes of defending this action:

        i. investigative, secretarial, clerical, and paralegal personnel employed full-time or part-time by defense counsel;
        ii. independent expert witnesses, investigators, or advisors retained by defense counsel in connection with this action;
        iii. other prospective witnesses, and their counsel, to the extent deemed necessary by defense counsel, for hearing or trial preparation; and
        iv. such other persons as hereafter may be authorized by the Court upon motion by the defendant.

3

8. **Restrictions on Highly Confidential Material.** Restrictions on Highly Confidential Material are the same as Confidential Disclosure Material, *see* ¶ 7, except that Highly Confidential Material may be disclosed by counsel to the defendants for review at the offices of defense counsel, or in the presence of defense counsel or any member of the defense team (*i.e.*, attorneys, experts, consultants, paralegals, investigators, support personnel, and secretarial staff involved in the representation of the defendant in this case), for purposes related to this case. The defendants shall not maintain, retain, or keep copies of any Highly Confidential Material, or summaries or notes describing Highly Confidential Material, outside of the offices of defense counsel. The defendants shall not make or retain any notes that include any Highly Confidential Material outside the offices of defense counsel. Highly Confidential Material may be disclosed to Designated Persons consistent with the terms of Confidential Material.

9. **Restrictions on Attorneys' Eyes Only Material.** Restrictions on Attorneys' Eyes Only Material are the same as Highly Confidential Material, *see* ¶ 8, except that Attorneys' Eyes Only Material, including any copies, excerpts, summaries or notes of such material, shall not be disclosed to, or possessed by, the defendants. Attorneys' Eyes Only Material may be disclosed only to defense counsel and to any paralegal or staff employed by defense counsel.

10. **Provisions for Designated Persons.** The defendants and their counsel shall provide a copy of this Order to Designated Persons to whom they disclose Confidential Material and Highly Confidential Material pursuant to paragraph 7(e). The defendants and/or their counsel shall maintain a record of all such Designated Persons to whom they provide Confidential Material. If Highly Confidential Material or Confidential Material is provided to any prospective witnesses,

pursuant to paragraph 7(e)(iii), counsel shall make reasonable efforts to seek the return or destruction of such materials in accordance with paragraph 11 below.  Prior to disclosure of Highly Confidential Material or Confidential Material to Designated Persons, pursuant to paragraph 7(e), any such Designated Person shall agree to be subject to the terms of this Order by signing a copy hereof and stating that they "Agree to be bound by the terms herein," and providing such copy to the defendants' counsel.  However, the defendants and their counsel need not obtain signatures from any member of the defense team (*i.e.*, attorneys, experts, consultants, paralegals, investigators, support personnel, and secretarial staff involved in the representation of the defendant in this case), all of whom are nonetheless bound by this Protective Order.

11. **Protection of Confidential Material, Highly Confidential Material, and Attorneys' Eyes Only Material.**  The defendants and/or their counsel shall use reasonable care to ensure that the Confidential Material, Highly Confidential Material, and Attorneys' Eyes Only Material are not disclosed or disseminated to any third parties in violation of this Protective Order. In the event of an inadvertent disclosure of Confidential Material, Highly Confidential Material, and Attorneys' Eyes Only Material, the defendants and/or their counsel shall promptly notify the Court and the Government as to the identity of the recipient of the inadvertently produced Confidential Material and/or Highly Confidential Material and/or Attorneys' Eyes Only Material and shall use reasonable efforts to secure the return or destruction of the inadvertently produced Confidential Material and/or Highly Confidential Material and/or Attorneys' Eyes Only Material.

12. **Use of Confidential Material, Highly Confidential Material, and Attorneys' Eyes Only Material at Public Hearings and Trial.**  The provisions of this Order

5

shall not be construed as preventing the disclosure of any information in any motion, hearing, trial, any appeal therefrom, or sentencing proceeding held in connection with the above-referenced action or to any District Judge or Magistrate Judge of this Court (or their staff) for purposes of the above-referenced action, provided, however, that Confidential Material, Highly Confidential Material, and Attorneys' Eyes Only Material referenced or included in any written filing should initially be publicly filed in redacted form or under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

13. **Disclosure and Protection of Seized ESI.** The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized during the course of the investigation from various computers, cell phones, and other devices and storage media. Certain of this ESI was seized from defendants Pedro Guzman Martinez, a/k/a "Peter," Abel Montilla, a/k/a "Coche Bomba," Jorge Miranda-Sang, a/k/a "Chinito," and Luis Gomez Ortiz, a/k/a "Kiké."

14. The Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material"). The defendants, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

6

15. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to that defendant.

16. **Return or Destruction of Material.** Except for Confidential Material, Highly Confidential Material, and Attorneys' Eyes Only Material that has been made part of the record in this case, the defendants and their counsel shall return to the Government or securely destroy or delete all Confidential Material, Highly Confidential Material, and Attorneys' Eyes Only Material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

17. **Retention of Jurisdiction.** The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: _____          Date:   9/8/2021
    Juliana N. Murray / Ryan B. Finkel /
    Peter J. Davis
    Assistant United States Attorneys


_____          Date: _____
Counsel for Pedro Guzman Martinez


_____          Date:   09/08/2021
Ivan Mercado, Esq.
Counsel for Abel Montilla


_____          Date: _____
Counsel for Jorge Miranda-Sang


_____          Date: _____
David Greenfield, Esq.
Counsel for Luis Gomez Ortiz

SO ORDERED:

Dated: New York, New York
      9/8          , 2021

_____
THE HON. P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE

8