UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
UNITED STATES OF AMERICA                  :
                                          :    CONSENT PRELIMINARY ORDER
        - v. -                            :    OF FORFEITURE/
                                          :    MONEY JUDGMENT
PEDRO GUZMAN MARTINEZ,                    :
        a/k/a "Peter,"                    :    S11 19 Cr. 536 (PKC)
                                          :
                Defendant.                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about July 21, 2022, PEDRO GUZMAN MARTINEZ (the "Defendant"), was charged in a six-count Information, S11 19 Cr. 536 (PKC) (the "Information"), with narcotics conspiracy, in violation of Title 21, United States Code, Section 846 (Counts One and Four); firearms offense, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2 (Count Two); conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956 (h) (Count Three); obstruction of justice, in violation of Title 18, United States Code, Sections 1512(c)(2) and 2 (Count Five); and conspiracy to possess contraband in prison, in violation of Title 18, United States Code, Section 371 (Count Six);

WHEREAS, the Information included a forfeiture allegation as to Counts One and Four of the Information, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts One and Four of the Information, and any and all property used, or intended to be used, in any manner or part, to commit and to facilitate the commission of the offenses charged in Counts One and Four of the Information, including but not limited to a sum in United States currency representing the amount of proceeds traceable to the commission of the offenses alleged in Counts One and Count Four of the Information;

WHEREAS, the Information included a second forfeiture allegation as to Count Three of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged in Count Three of the Information, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense alleged in Count Three of the Information;

WHEREAS, the Information included a third forfeiture allegation as to Count Five of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Five of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense alleged in Count Five of the Information;

WHEREAS, on or about July 7, 2021, the Government seized from the Defendant at the time of his arrest, the following specific property, all of which have been administratively forfeited and sold by the Drug Enforcement Administration:

   a. One 2012 Porsche Panarama, which sold for $26,707 (the "Porsche Proceeds");
   b. $7,940,00 in United States currency (the "Currency"); and
   c. assorted jewelry, which sold for a total of $237,935 (the "Jewelry Proceeds");

(a through c, collectively, the "Administrative Property");

WHEREAS, on or about September 5, 2024, the Defendant pled guilty to Counts One through Six of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One, Three, Four and Five

of the Information and agreed to forfeit to the United States: (a) pursuant to Title 21, United States Code, Section 853, any and all property constituting and derived from any proceeds the Defendant obtained directly or indirectly as a result of the offenses charged in Counts One and Four of the Information, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses alleged in Counts One through Four of the Information; (b) pursuant to Title 18, United States Code, Section 982(a)(1), any and all property involved in the offense alleged in Count Three of the Information, or any property traceable to such property; and (c) pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Five of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense alleged in Count Five of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $4,000,000 in United States currency, representing amount of proceeds traceable to the offense charged in Count One of the Information; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in in Counts One of the Information cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys Juliana Murray, Ryan Finkel, Peter Davis, and Andrew Jones, of counsel, and the Defendant, and his counsel, Maria A. Dominguez, Esq., that:

1. As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, a money judgment in the amount of $4,000,000 in United States currency (the "Money Judgment") representing the amount of proceeds traceable the offense charged in Count One of the Information, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, PEDRO GUZMAN MARTINEZ, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. The Administrative Property, including the Porsche Proceeds, the Currency and the Jewelry Proceeds, will be applied towards the partial satisfaction of the Defendant's Money Judgment.

4. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, New York, New York 10278 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

7. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

8. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

9. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: ___/s/ Juliana Murray_____    9/5/2024
JULIANA MURRAY                                  DATE
RYAN FINKEL
PETER DAVIS
ANDREW JONES
Assistant United States Attorneys
26 Federal Plaza
New York, NY 10278
(212) 637-2314/6612/2468/2249


PEDRO GUZMAN MARTINEZ

By: _____           9-5-24
PEDRO GUZMAN MARTINEZ                          DATE

By: _____           9-5-24
MARIA A. DOMINGUEZ, ESQ.                       DATE
Attorney for Defendant
Centro Internacional de Mercadeo
Torre 1 – Suite 402
Guyanabo, PR 00936

SO ORDERED:

_____               9-5-24
HONORABLE P. KEVIN CASTEL                      DATE
UNITED STATES DISTRICT JUDGE